IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DANIEL RAY BROWN                                                                         PLAINTIFF

V.                                          NO. 12-3150

SHERIFF DANNY HICKMAN, ET AL.                                                DEFENDANTS

**O R D E R**

Before the Court are Plaintiff's "Objection/Rejection of Settlement" filed in this matter **(Doc. 57),** and Defendants' Motion to Enforce Settlement**. (Doc. 60**). On May 27, 2015, the undersigned conducted a settlement conference, after which all parties consented to the jurisdiction of the undersigned (Doc. 55), and agreed to a settlement of all matters contained in this case. A Settlement Order was entered on May 28, 2015, dismissing the case with prejudice, subject to the terms of the settlement agreement. (Doc. 56).

In his motion filed **pro se**, Plaintiff raises objections to the settlement, stating that the settlement papers that have been sent to him are not what Plaintiff had agreed to, and that he "has recently lost his fiancé Eugenia Rose Smith, who passed away May 30, 2015 and due to this plaintiff would no longer opt to settle out of court due to a change in feelings and revelation re: the right to file a civil action for false arrest against the defendants." (Doc. 57 at p. 2). Plaintiff contends that he felt "badgered, intimidated, coached into, coaxed, coerced by Court appointed attorney, not 'Honorable Judge Setser,' into accepting a settlement in which to the effect Plaintiff felt he had no choice." Id. Plaintiff also indicates that he is unhappy with his appointed counsel and would like for him to be terminated as his counsel. On June 19 and 22, 2015, Plaintiff filed Supplements, wherein he alleges, in essence, that his appointed counsel showed no interest in pursuing his case, and that his counsel and the

1

undersigned "badgered and coerced" him and discouraged him from pursuing his case. Because of this, he contends he felt he had no choice but to settle the case. (Docs. 58, 59). Plaintiff further alleges that he was led to believe that all of his court filing fees would be paid as part of the settlement. On June 24, 2015, Plaintiff filed a "Notice to the United States District Judge," wherein he contends he was coerced by his counsel and counsel for Defendants, and that the undersigned "may have been deceived as well." (Doc. 62).

Defendants' Motion to Enforce Settlement not only asks the Court to enforce the settlement agreement, but also addresses the allegations contained in Plaintiff's objection/rejection. Accordingly, the Court will also treat Defendant's motion as a response to Plaintiff's objection/rejection.

At the conclusion of the settlement conference held on May 27, 2015, the undersigned read into the record the terms of the settlement agreement,[1] and stated that when the recording was concluded, "everybody needs to understand that the settlement is final," even though the settlement documents had not yet been prepared and executed, and that "there is no withdrawing from the settlement."

The Court has listened to the audio recording of the settlement conference and reviewed the proposed settlement agreement that has been attached to Defendants' motion. The Court finds that the proposed settlement agreement accurately reflects the material terms that were agreed upon by the parties at the settlement conference, and any non-material terms contained therein do not justify rejecting the agreement. The undersigned notes that the settlement contemplated payment of the filing fees in this case and the three other cases

---

[1] The recording of the settlement agreement is maintained **in camera** in the undersigned's chambers, due to the confidentiality of the agreement.

2

Plaintiff settled that day (Case Nos. 13-3049, 13-3056, and 14-3005). Any filing fees associated with any other cases filed by Plaintiff were not included in the settlement.

In addition, Plaintiff has given no reasonable, specific facts to support his contentions that the settlement papers with which he has been presented do not accurately represent the terms of the settlement agreement, or to support his complaints against his appointed attorney. Throughout the settlement conference, Plaintiff appeared to fully understand and participate in the negotiations and at no time did he express or display any feelings of being coerced or intimidated into settling. At the conclusion of the settlement conference, when the undersigned read the terms of the settlement into the record, Plaintiff agreed to the terms on the record. It appears to the undersigned that Plaintiff has simply had a change of heart about settling, despite being advised on the record that the settlement was final and he could not withdraw from it.

Accordingly, the Court hereby **rejects and denies** Plaintiff's objection/rejection of the settlement agreement **(Doc. 57), and grants Defendants' Motion to Enforce the Settlement. (Doc. 60). Plaintiff is directed to complete and sign the settlement papers and send them to his appointed attorney, who will then provide them to Defendants' counsel, by no later than July 10, 2015.**

IT IS SO ORDERED this 24th day of June, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE